**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4687**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACQUELINE TATIANA CUELLAR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Elizabeth K. Dillon, Chief District Judge.  (5:21-cr-00007-EKD-JCH-6)

_____

Submitted:  October 7, 2025                           Decided:  October 31, 2025

_____

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Laura Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacqueline Tatiana Cuellar appeals the criminal judgment and 120-month sentence imposed after a jury convicted her of conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by denying Cuellar's Fed. R. Crim. P. 29 motion for a judgment of acquittal; whether the court miscalculated the converted drug weight attributable to Cuellar; and whether the sentence is procedurally and substantively reasonable. Cuellar has filed a pro se supplemental brief asserting that the district court erred by attributing her with any drug weight because she did not personally possess or distribute any drugs. The Government has not filed a response brief. We affirm.

"We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *Id*. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (citation modified). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy

2

burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id*. (citation modified).

To convict Cuellar of conspiracy to distribute the specified quantities of methamphetamine, the Government had to prove each of the following elements beyond a reasonable doubt: (1) there was an agreement between two or more persons to distribute and possess with intent to distribute the charged narcotics; (2) Cuellar knew of this agreement; and (3) Cuellar knowingly and voluntarily participated in or became a part of this agreement. *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020); *see United States v. Tillmon*, 954 F.3d 628, 641-42 (4th Cir. 2019). "Given the clandestine and covert nature of conspiracies, the Government can prove the existence of [one] by circumstantial evidence alone." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (citation modified). Although "a mere buyer-seller relationship" cannot alone support a conspiracy conviction, such evidence is probative "on the issue of whether a conspiratorial relationship exists." *Id.* at 525-26 (citation modified). "Evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *Id.* at 526 (citation modified).

At trial, the Government introduced evidence establishing continuing relationships and frequent methamphetamine transactions among the charged coconspirators. Additionally, the Government adduced evidence establishing that law enforcement and postal inspectors intercepted 11 drug packages—which were only a portion of the shipments made throughout the conspiracy—that contained at least 872.53 grams of methamphetamine, total. From this evidence, a reasonable fact finder could conclude that

3

there was an agreement between two or more persons to distribute and possess with intent to distribute 500 grams or more of methamphetamine.

Furthermore, the evidence established that Cuellar was aware of and voluntarily joined the agreement. Witness testimony and other evidence established that Cuellar arranged drug transactions and collected money on behalf of one of her coconspirators, Carlos Bariola. Additionally, Cuellar's residence contained records of drug transactions that referenced her coconspirators, and she admitted to law enforcement that she collected methamphetamine payments from several of the coconspirators. We thus conclude that the evidence was sufficient to support Cuellar's conspiracy conviction. Accordingly, the district court did not err by denying the Rule 29 motion for a judgment of acquittal.

Cuellar next argues that the district court miscalculated the drug quantity attributable to her. Because Cuellar did not object to the drug quantity calculation at sentencing, our review is for plain error. *See United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). To establish plain error, Cuellar "has the burden of showing: (1) that an error was made, (2) that the error was plain, and (3) that the error affected h[er] substantial rights." *United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021). "Even then, correction of an error is discretionary, and we will exercise that discretion only if an error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

We discern no plain error in the district court's calculation of the drug quantity. The evidence established that Cuellar acted as Bariola's liaison, including by directing other conspirators to ship methamphetamine on his behalf and by handling his drug proceeds.

4

The evidence further established that Bariola supplied another coconspirator with 1,757.7 grams of a substance containing methamphetamine and 439.9 grams of actual methamphetamine. Given Cuellar's relationship with Bariola, we conclude that the drugs he supplied were within the scope of Cuellar's conspiratorial agreement and were reasonably foreseeable to her. Thus, the court did not err by attributing those drugs to her, even though she did not personally distribute them. *See United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015) ("In order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." (citation modified and emphasis omitted)). Nor did the court err in calculating the total converted drug weight of the methamphetamine and actual methamphetamine under the Sentencing Guidelines.

Turning to the reasonableness of the sentence, we review criminal "sentences— whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

5

We conclude that Cuellar's sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range, listened and responded to the parties' arguments regarding the appropriate sentence, allowed Cuellar to allocute, and explained the sentence in light of the § 3553(a) factors. Additionally, Cuellar's below-Guidelines-range sentence is presumptively substantively reasonable, and nothing in the record rebuts that presumption. *See United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.) (noting that sentence within or below Guidelines range is presumptively substantively reasonable), *cert. denied*, 145 S. Ct. 578 (2024).

In accordance with *Anders*, we have reviewed the entire record in this case for any potentially meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Cuellar, in writing, of the right to petition the Supreme Court of the United States for further review. If Cuellar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cuellar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*